# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY as subrogee of Farid Mazhar and Saher Rizvi, | )<br>)<br>)<br>) |
| Plaintiff, | ) No: 1:22-cv-00589<br>) **JURY DEMAND**<br>) |
| v. | )<br>) |
| GREE USA, INC., and MJC AMERICA, LTD. | )<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES Plaintiff, Nationwide Mutual Fire Insurance Company as subrogee of Farid Mazhar and Saher Rizvi, by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendants Gree USA, Inc. and MJC America, Ltd. states as follows:

## **PARTIES**

1. Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide" or "Plaintiff") is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located at One Nationwide Gateway, Des Moines, Iowa 50391, and at all times material hereto was duly authorized to issue policies of property insurance in the State of Indiana.

2. At all times relevant, Plaintiff's insureds, Farid Mazhar and Saher Rizvi ("the Insureds") were residents and citizens of the State of Indiana with a residence at 7739 Solomon Drive, Zionsville, Indiana 46077 (the "Premises").

3. Defendant Gree USA, Inc. ("Gree") is, upon information and belief, a California corporation with a principal place of business at 4195 Chino Hills Parkway #1026, Chino Hills, California 91709. At all times relevant hereto, Gree was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including the State of Indiana.

4. Defendant, MJC America, Ltd. ("MJC") is, upon information and belief, a California corporation with a principal place of business located at 20035 East Walnut Drive North, City of Industry, California 91789. At all times relevant hereto, MJC was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including the State of Indiana.

## JURISDICTION & VENUE

5. Jurisdiction is proper based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in the Southern District of Indiana, Indianapolis Division pursuant to 28 U.S.C. § 1391 because it is the judicial circuit in which a substantial part of the events giving rise to the claim occurred.

## COMMON ALLEGATIONS

7. At all times relevant, Nationwide provided property insurance to the Insureds with respect to their real and personal property at the Premises, as well as additional living expenses.

8. On or before April 20, 2020, the Insureds owned a dehumidifier designed, manufactured, marketed, distributed, and/or sold by Defendants Gree and MJC ("the Dehumidifier").

9. At all times relevant, the Dehumidifier was in substantially the same condition as when introduced into the stream of commerce by Defendants.

10. On or about April 20, 2020, the Dehumidifier caught fire in the basement of the Premises.

11. The fire caused substantial damage and destruction to the Insureds' real and personal property, as well as emergency expenses and additional living expenses.

12. As a result of the fire, the Insureds made a claim to Nationwide pursuant to their insurance policy, and Nationwide reimbursed the Insureds for those claims in an amount in excess of $378,000.

13.     By virtue of its payments, Nationwide is now legally, equitably, and contractually subrogated to the Insureds claims against any responsible third parties, including the Defendants.

## COUNT I
### (Strict Products Liability v. Defendants)

14.     Plaintiff incorporates paragraphs 1-13 by reference as if set forth at length herein.

15.     The Defendants designed, manufactured, marketed, distributed, sold, and/or placed into the stream of commerce the Dehumidifier.

16.     The Dehumidifier was defective and unreasonably dangerous at the time it left the Defendants' control.

17.     The Dehumidifier was expected to and did reach the consumer, the Insureds, without substantial change and remained in substantially the same condition and without any material alterations from the time it was sold until the date of the fire.

18.     The Dehumidifier was used for its intended purpose and/or for a purpose that was reasonably foreseeable by the Defendants.

19.     The Dehumidifier was defective in design and/or manufacture in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers.

20.     The Dehumidifier was defective in design and/or manufacture in that it deviated in a material way from its manufacturing performance standards and/or deviated in a material way from otherwise identical units manufactured to the same design.

21.     The Dehumidifier was defective in design and/or manufacture in that when it left the Defendants' custody and control, the foreseeable risks and dangers exceeded the benefits associated with the design and manufacture and/or the design and manufacture was more dangerous than an ordinary consumer would expect when used in its intended and reasonably foreseeable manner.

22.     The Dehumidifier was defective due to inadequate warning or instruction.

23.     The Defendants knew or should have known of the defects in the Dehumidifier, and failed to address the defects or otherwise warn consumers.

24. As a direct and proximate cause of the defective and unreasonably dangerous condition of the Dehumidifier, the fire occurred, causing extensive damage to the real and personal property of the Insureds.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendants Gree and MJC for the damages alleged, for pre-verdict interest and/or post-verdict interest, and for all other costs allowed by law.

## COUNT II
### (Negligence v. Defendants)

25. Plaintiff incorporates paragraphs 1-13 by reference as if set forth at length herein.

26. The Defendants designed, manufactured, marketed, distributed, sold, and/or placed the Dehumidifier into the stream of commerce.

27. At all relevant times, the Defendants owed Plaintiff and the Insureds a duty to use reasonable care in the design, manufacturing, assembly, and sale of the Dehumidifier, so that the Dehumidifier was safe and free of defects.

28. The fire and resulting damage was the result of a malfunction in the Dehumidifier in the course of its ordinary use.

29. The malfunction of the Dehumidifier was due to a defective condition in the Dehumidifier in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers.

30. The Dehumidifier contained the defects when it left the Defendants' possession and control.

31. The Defendants had a duty to warn persons who might reasonably use their dehumidifiers of dangerous defects in its products.

32. It was foreseeable to the Defendants that if the Defendants designed, manufactured, distributed, and sold a defective dehumidifier and/or if the Defendants failed to warn of such defect, purchasers of such defective products could incur personal injury or property damage.

33. The Insureds used the subject Dehumidifier for its intended and/or reasonably foreseeable purpose.

34. The Defendants breached its duties by designing, manufacturing, marketing, distributing, and selling the Dehumidifier with the dangerous defect and/or by failing to warn of the defect and/or by failing to adopt a safer, practical, feasible, or otherwise reasonable alternative design that could have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Dehumidifier.

35. As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, a fire started in the basement of the Premises and caused substantial damage to the Insureds real and personal property.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendants Gree and MJC for the damages alleged, for pre-verdict interest and/or post-verdict interest, and for all other costs allowed by law.

## JURY DEMAND

Plaintiff demands the empaneling of a lawful jury to hear all triable issues in this case.

Respectfully Submitted,

Dated this 24th day of March 2022.    By:    */s/ Marisa L. Saber*
Marisa L. Saber
COZEN O'CONNOR
123 W. Wacker Drive
Suite 1800
Chicago, Illinois 60606
Phone: (312) 382-3100
Fax: (312) 706-9783
Email: msaber@cozen.com

Jeffrey B. Greenspan (PHV to be filed)
COZEN O'CONNOR
123 W. Wacker Drive
Suite 1800
Chicago, Illinois 60606
Phone: (312) 474-7143
Fax: (312) 878-2002
Email: jgreenspan@cozen.com

***Attorneys for Plaintiff***

LEGAL\54695543\1